By the Court.
As the possession has gone more than twenty years along with the deed, it is unnecessary, in this case, to require further proof. And the Chief Justice added, that within his knowledge, it had not been customary, in any case, to produce the record, (b)

 After a long possession under a deed, it has been usual to dispense with proof of its due execution. In a recent case, it was said by Judge Duncan, that thirty years possession seems the fixed time, and he intimated that perhaps twenty-one years, the period of limitation, might be sufficient. McGinnis v. Allison, 10 S. & R. 199. See also Arnold v. Gorr, 1 Rawle 223. The practice, however, with respect to producing the rec- or.l, in the case of sheriff’s deeds (at least, where long possession has not accompanied them), is at present different from that stated by the Chief Justice in the text. It is laid down in many cases, that a sheriff’s deed cannot be given in evidence, without producing the judgment and execution under which he made the sale. See Wilson v. Mc- *96 Veaugh, 2 Yeates 86; Hartshorne v. Wright, Peters C. C. 64; Weyand Tipton, 5 S. & R. 332; Hampton v. Speckenagle, 9 Id. 212. And the rule is the same with respect to a deed of land, sold under an order of the orphan’s court, which cannot be road, without producing the record. Hartshorne v. Wright, Hampton v. Speckenagle, ut supra.